UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
AYALA SIXTO,

                    Plaintiff,

         - against -

BOTH TRUCKING LLC, and ROGELIO
FIDIA MARTINEZ,

                    Defendants.

------------------------------------------------------------ X

**MEMORANDUM DECISION AND ORDER**

22-cv-2099 (BMC)

**COGAN**, District Judge.

There's an old adage that you can lead a horse to water but you can't make it drink. I don't mean to cast any aspersions on lawyers generally or defendants' lawyer here specifically by drawing a parallel, but a modification of the old adage explains what is going on here: A court can cite a lawyer to the controlling authority, but it cannot make the lawyer read and understand the cases that the court has cited to him.

Defendants removed this traffic accident case from State Supreme Court. That same day, the Court issued an Order to Show Cause pointing out to defendants that they had not properly invoked this Court's diversity jurisdiction. There were two deficiencies in the notice of removal: (1) there was no factual basis for alleging in the notice of removal that the amount in controversy was in excess of $75,000; and (2) defendants had failed to properly plead the citizenship of defendant BOH Trucking LLC.

Defendants have responded to the Order to Show Cause. They have cured the problem with the amount in controversy by directing the Court to the Wherefore clause in plaintiff's

complaint, in which $100,000 is demanded for each of two causes of action. (That demand violates N.Y. C.P.L.R § 3017(c), but it's not this Court's job to enforce the C.P.L.R.). It is not clear why defendants did not point this out in their original notice of removal but they have now and so that problem is solved.

The problem with the citizenship of BOH Trucking Company LLC has not been solved. In the original notice of removal, defendants alleged that "BOH Trucking LLC is a New Jersey corporation that has its principal place of business in … New Jersey." I cited them in the Order to Show Cause to Bayerische Landesbank, New York Branch v. Aladdin Capital Management LLC, 692 F.3d 42, 49 (2d Cir. 2012) (citing Handelsman v. Bedford Village Associates Ltd. Partnership, 213 F.3d 48 (2d Cir. 2000). These cases could not make it clearer that defendants had failed to properly plead BOH's citizenship.

Both Bayerische and Handelsman stand for the basic proposition that a limited liability company or other unincorporated business entity is not the same as a corporation for purposes of determining its citizenship. In Bayerische, the Second Circuit stated: "[A] limited liability company … takes on the citizenship of each of its members." Bayerishe, 692 F.3d at 49. Handelsman was to the same effect. This Court could have cited defendant's counsel to numerous other cases from the Second Circuit and other courts, as this has been a bedrock principle of federal practice since the Supreme Court's decision in Carden v. Arkoma Associates, 494 U.S. 185-96 (1990) (limited partnerships are citizens of every state of which their limited and general partners are citizens.). The rule is simple: to sue or remove a case involving a limited liability company, "a [party] must allege the identity and citizenship of their members, proceeding up the chain of ownership until the [party] has alleged the identity and citizenship of every individual and corporation with a direct or indirect interest in the LLC." Flemming v. Port

Auth. of N.Y. & N.J., No. 21-cv-1112, 2021 WL 878558, at *1 (E.D.N.Y. March 9, 2021). Similarly, the Court in U.S. Liab. Ins. Co v. M Remodeling Corp., 444 F. Supp. 3d 408, 810 (E.D.N.Y. 2020), noted that

> if any of an LLC's members are themselves non-corporate entities, then a plaintiff must allege the identity and citizenship of their members, proceeding up the chain of ownership until it has alleged the identity and citizenship of every individual and corporation with a direct or indirect interest in the LLC.

Despite having laid out the path for defendants to follow, defendants have instead doubled down on precisely the same deficiency that led to the Order to Show Cause. In the response to the Order to Show Cause, defendants assert: "BOH Trucking LLC is trucking company [sic] registered to do business in the State of New Jersey. …BOH Trucking Company is a New Jersey Corporation." Those statements are both wrong and irrelevant.

First, BOH Trucking LLC is not a "New Jersey Corporation." That's what the three letters after its name – "LLC" – mean. Just to spell it out, LLC stands for "limited liability company." It is a company, a non-corporate business entity. Indeed, defendants, in their response to the Order to Show Cause, annex a statement from what appears to be an official New Jersey website. It describes BOH Trucking LLC as "a Domestic Limited Liability Company" – not a corporation.

As shown above, whether BOH Trucking LLC is a New Jersey Company or a Minnesota Company or a Virginia Company, or is registered in any of those states, could not be more irrelevant to determining its citizenship. A company is not a corporation for diversity purposes. What matters are the names and citizenship of each one of its members.

Even after the Order to Show Cause, this Court still has no idea of who even a single member of the LLC is, let alone their citizenship. The Court has done all it can to point out basic

3

legal principles to defendants, but they still do not grasp them.  Since the Court has provided defendants with notice and an opportunity to be heard and has done all that it can, and arguably more than it should, to no avail, the case is remanded to the Supreme Court, Bronx County, which handles many traffic accident cases and no doubt can handle this one.[1]

**SO ORDERED.**

Digitally signed by Brian M. Cogan
_____
U.S.D.J.

Dated: Brooklyn, New York
       April 13, 2022

---

[1] There is yet another problem – venue.  This case was pending in the Supreme Court, Bronx County.  It cannot be removed here.  It had to be removed to the Southern District of New York.  "A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States *for the district and division within which such action is pending* a notice of removal … ."  28 U.S.C. § 1446(a) (emphasis added).  Bronx County is not within the Eastern District of New York; it is in the Southern District of New York.  The fact that defendants' lawyers have their offices Mineola does not supersede the Judicial Code.  But since this Court doesn't have subject matter jurisdiction to begin with, there is no need to address venue.

4